Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Christopher J. Cavalier
Margaret A. Cavalier

CHAPTER 13

CASE NO. 1-bk-18-03303-HWV

___ ORIGINAL PLAN
2nd AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

_0_ Number of Motions to Avoid Liens
_0_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

Rev. 12/01/18

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $2,413.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $30,681.00, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 6/2019 | 2/2020 | $375.00 | | $375.00 | $3,375.00 |
| 3/2020 | 12/2020 | $450.00 | | $450.00 | $4,500.00 |
| 1/2021 | 12/2021 | $525.00 | | $525.00 | $6,300.00 |
| 1/2022 | 7/2023 | $700.00 | | $700.00 | 13,300.00 |
| 8/2023 | 8/2023 | $793.00 | | $793.00 | $793.00 |
| | | | | Total Payments: | 28,268.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    (✓) Debtor is over median income. Debtor estimates that a minimum of $ 16,434.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $0.00____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___    Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

✓    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___    Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

Rev. 12/01/18

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ditech Financial | 28 Manor Drive, Mechanicsburg, Pennsylvania 17055 | 5110 |
| Members' 1st | 2008 Ford Edge | 4298 |
| Ford Motor Credit | 2017 Ford Fusion | 5439 |

4

C. <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**</u>. *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech Financial | 28 Manor Drive, Mechanicsburg, Pennsylvania 17055 | Per allowed claim ($9,172.00 est.) | | Per allowed claim ($9,172.00 est.) |
| | | | | |
| | | | | |

D. <u>**Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**</u>

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

Case 1:18-bk-03303-HWV    Doc 25    Filed 06/10/19    Entered 06/10/19 11:55:52    Desc
Main Document      Page 5 of 16

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

 ✓  None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

Rev. 12/01/18

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

✓    None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___    The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓    None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

Rev. 12/01/18

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | Per allowed proof of claim ($1,286.54 est.). |
| | |
| | |

C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one of the following two lines.*

✓    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

9

## 4. UNSECURED CLAIMS

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

    ✓    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    ___    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

    ✓    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ___    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

\_\_\_ plan confirmation.
\_\_\_ entry of discharge.
_✓_ closing of case.

## 7. DISCHARGE: (Check one)

( ✓ ) The debtor will seek a discharge pursuant to § 1328(a).
(  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

The Debtors propose to pay their creditors in full. The Chapter 13 Trustee shall make no payments to any student loan claimant despite that interest will continue to accrue post-petition.

Dated: 6/6/2019

s/Chad J. Julius
Attorney for Debtor

s/Christopher J. Cavalier
Debtor

s/Margaret A. Cavalier
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHRISTOPER J. CAVALIER : | CASE NO.: 1:18-bk-03303-HWV |
| MARGARET A. CAVALIER : | |
| : | |
| Debtors : | |
| : | **CHAPTER 13 PLAN** |

Notice is hereby given that **Christopher J. Cavalier and Margaret A. Cavalier** (collectively the "Debtor") has filed a **Second Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **July 24, 2019 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Ronald Reagan Federal Building, Bankruptcy Courtroom, Third Floor, Third and Walnut Streets, Harrisburg, PA 17101.

**July 17, 2019** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **July 17, 2019**. The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, Jacobson, Julius & Harshberger, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **July 17, 2019**.

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the Third Floor of the Federal Building, Third and Walnut Street, Harrisburg, Pennsylvania.

|   |   |
|---|---|
| | CLERK |
| | UNITED STATES BANKRUPTCY COURT |
| | MIDDLE DISTRICT OF PENNSYLVANIA |
| | THE RONALD REAGAN FEDERAL BUILDING |
| | 228 WALNUT STREET, ROOM 320 |
| Date: June 10, 2019 | HARRISBURG, PA 17108 |

1

# CERTIFICATE OF SERVICE

I, Colleen Reed, with Jacobson, Julius & Harshberger, do hereby certify that on this day I served the within *Notice to Parties in Interest and Second Amended Chapter 13 Plan* upon the following persons via the ECF/CM system and/or by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid:

<u>ECF/CM:</u>
Charles J. Dehart III, Esquire (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

U.S. Trustee
228 Walnut Street,
P.O. Box 969
Harrisburg, PA 17101-0969

Roberta J. Santiago
Henry & Beaver, LLP
937 Willow Street
Lebanon, Pa 17042

<u>First –Class Mail</u>
All creditors on the mailing matrix (attached)


DATED: June 10, 2019　　　　　　　　　　s/Colleen Reed
　　　　　　　　　　　　　　　　　　　　Colleen Reed, Paralegal

```
Label Matrix for local noticing          Bureau of Account Managment.            CP/BONTON
0314-1                                   3607 Rosemont Avenue                    PO BOX 182789
Case 1:18-bk-03303-HWV                   #502                                    Columbus, OH 43218-2789
Middle District of Pennsylvania          Camp Hill, PA 17011-6943
Harrisburg
Mon Jun 10 11:05:57 EDT 2019

Capital One                              Capital One Bank (USA), N.A.            Capital One, N.A.
PO Box 30285                             PO Box 71083                             c/o Becket and Lee LLP
Salt Lake City, UT 84130-0285            Charlotte, NC  28272-1083                PO Box 3001
                                                                                  Malvern PA 19355-0701


Christopher J. Cavalier                  Maragaret A. Cavalier                    Computer Credit, Inc.
4581 Manor  DR                           4581 Manor  DR                           PO Box 5238
Mechanicsburg, PA 17055-4933             Mechanicsburg, PA 17055-4933             Winston Salem, NC 27113-5238


Credit One Bank                          Crumay Parnes Associates, Inc.           DSN/Macys
PO Box 98872                             104 Erford Road                          PO BOX 8218
Las Vegas, NV 89193-8872                 Camp Hill, PA 17011-1898                 Monroe, OH 45050


Charles J DeHart, III (Trustee)          Department Stores National Bank          Ditech Financial LLC
8125 Adams Drive, Suite A                c/o Quantum3 Group LLC                   PO BOX 6172RA
Hummelstown, PA 17036-8625               PO Box 657                               Rapid City, SD 57709
                                         Kirkland, WA  98083-0657


Ditech Financial LLC                     Ditech Financial LLC f/k/a Green Tree Servic   Dr. Kearn & Associates
PO Box 6154                              PO Box 6154                              4836 E. Trindle Road
Rapid City, SD  57709-6154               Rapid City, SD 57709-6154                Mechanicsburg, PA 17050-3617


Ford Motor Credit                        (p)FORD MOTOR CREDIT COMPANY             Genisys Credit Union
PO BOX 542000                            P O BOX 62180                            PO BOX 2100
Omaha, NE 68154-8000                     COLORADO SPRINGS CO 80962-2180           Auburn Hills, MI 48326


GreenPath Financial Wellness             Holy Spirit Hospital                     (p)INTERNAL REVENUE SERVICE
36500 Corporate Drive                    503 N. 21st Street                       CENTRALIZED INSOLVENCY OPERATIONS
Farmington, MI 48331-3553                Camp Hill, PA 17011-2288                 PO BOX 7346
                                                                                  PHILADELPHIA PA 19101-7346


Chad J. Julius                           Kohl's                                   LVNV Funding, LLC its successors and assigns
Jacobson & Julius                        Payment Center                           assignee of MHC Receivables, LLC and
8150 Derry Street, Suite A               PO Box 2983                              FNBM, LLC
Harrisburg, PA 17111-5212                Milwaukee, WI 53201-2983                 Resurgent Capital Services
                                                                                  PO Box 10587
                                                                                  Greenville, SC 29603-0587


Member 1St F C U                         Member S1ST F C U                        Navient
PO BOX 40                                5000LOU ISE DR                           123 Justison Street
Mechanicsburg, PA 17055-0040             Mechanicsburg, PA 17055-4899             3rd Floor
                                                                                  Wilmington, DE 19801-5363
```

| Navient Solutions, LLC.. | Patient First c/o Receivables Management Sys | Pinnacle Health |
| 220 Lasley Ave | PO Box 73810 | PO Box 82681 |
| Wilkes-Barre, PA 18706-1430 | North Chesterfield, VA 23235-8047 | Philadelphia, PA 19182-6813 |

| Pinnacle Health Hospitals | (p)PORTFOLIO RECOVERY ASSOCIATES LLC | Receivables Managements |
| PO Box 2353 | PO BOX 41067 | 1807 Huguenot Road Suite 118 |
| Harrisburg, PA 17105-2353 | NORFOLK VA 23541-1067 | Midlothian, VA 23113-5604 |

| Riverside Anesthesia | Synob/ car care syn car cre | Synob/Wolf furniture |
| 1 Rutherford Road | c/o PO BOX 965001 | c/o PO BOX 965036 |
| Harrisburg, PA 17109-4540 | Orlando, FL 32896-0001 | Orlando, FL 32896-0001 |

| Synob/synchrony Home | UPMC Pinnacle-Harrisburg | United States Trustee |
| PO BOX 965036 | 111 S. Front Street | 228 Walnut Street, Suite 1190 |
| Orlando, FL 32896-5036 | Harrisburg, PA 17101-2010 | Harrisburg, PA 17101-1722 |

| James Warmbrodt | chase Card | |
| 701 Market Street Suite 5000 | PO BOX 5298 | |
| Philadelphia, PA 19106-1541 | Wilmington, DE 19808-0298 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Ford Motor Credit Company LLC | Internal Revenue Service | Portfolio Recovery Associates, LLC |
| Dept. 55953 | Drew N Davis | POB 12914 |
| PO Box 55000 | 228 Walnut Street | Norfolk VA 23541 |
| Detroit, MI. 48255-0953 | Harrisburg, PA 17108 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Bureau of Account Manage | (u)DITECH FINANCIAL LLC | End of Label Matrix |
| | | Mailable recipients    43 |
| | | Bypassed recipients     2 |
| | | Total                  45 |