# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# (HARRISBURG)

| | |
|---|---|
| IN RE: CHRISTOPHER J. CAVALIER ) <br> MARAGARET A. CAVALIER ) <br> ) <br> DEBTORS ) <br> _____ ) | CASE NO.: 1:18-bk-03303-HWV <br><br> CHAPTER 13 <br> JUDGE: HENRY W. VAN ECK |

## MOTION TO APPROVE STAND ALONE PARTIAL CLAIM

**COMES NOW** NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Movant"), and files this Motion to Approve Partial Claim Mortgage between Secured Creditor and Debtors, and as grounds therefore states:

1. Movant is a creditor holding a secured claim against the Debtors' Note and Mortgage more particularly described as 4581 Manor Drive, Mechanicsburg, PA 17055.

2. Debtors filed the instant Chapter 13 Bankruptcy on August 6, 2018.

3. Movant and Debtors have agreed to the Partial Claims Mortgage, **Exhibit A**, subject this Court's approval.

4. The Partial Claims Mortgage is in the best interest of the parties.

5. Furthermore, Debtors were aware of the Partial Claims Mortgage and Debtors will not be prejudiced by late filing.

6. Secured Creditor seeks an Order Approving the Partial Claims Mortgage.

7. A Proposed Order accompanies this Motion. See **Exhibit B** attached hereto.

WHEREFORE, NewRez LLC d/b/a Shellpoint Mortgage Servicing requests that this Honorable Court enter its order granting the Motion to Approve Partial Claims Mortgage between Secured Creditor and Debtor.

Dated this 18th Day of October 2021

Respectfully submitted,

/s/ Joshua I. Goldman

JOSHUA I. GOLDMAN, ESQ.
Pennsylvania Bar # 205047
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
josh.goldman@padgettlawgroup.com
*Counsel for Movant*

# CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this the 18th day of October 2021:

DEBTORS
CHRISTOPHER J. CAVALIER
MARAGARET A. CAVALIER
4581 MANOR DRIVE
MECHANICSBURG, PA 17055

DEBTORS' COUNSEL
CHAD J. JULIUS
JACOBSON & JULIUS
8150 DERRY STREET, SUITE A
HARRISBURG, PA 17111

TRUSTEE
JACK N. ZAHAROPOULOS
STANDING CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE, SUITE A
HUMMELSTOWN, PA 17036

U.S. TRUSTEE
UNITED STATES TRUSTEE
228 WALNUT STREET, SUITE 1190
HARRISBURG, PA 17101

      Respectfully submitted,

      /s/ Joshua I. Goldman

      JOSHUA I. GOLDMAN, ESQ.
      Pennsylvania Bar # 205047
      PADGETT LAW GROUP
      6267 Old Water Oak Road, Suite 203
      Tallahassee, FL 32312
      (850) 422-2520 (telephone)
      (850) 422-2567 (facsimile)
      josh.goldman@padgettlawgroup.com
      *Counsel for Movant*

**Prepared By:**
SHELLPOINT MORTGAGE SERVICING
2100 EAST ELLIOT ROAD,
BUILDING 94
TEMPE, AZ 85284
866-825-2174

**After Recording Please Return To:**
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
3220 EL CAMINO REAL
IRVINE, CA 92602
800-777-8759

Property Address:
**4581 MANOR DR
MECHANICSBURG, PA 17055**

UPI/PIN/Tax ID: ▮

_____[Space Above This Line For Recording Data]_____

**FHA/VA Case No.:** ▮    **Loan No.:** ▮
**Investor Loan No:** ▮

# PENNSYLVANIA MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **June 15, 2021**. The Mortgagor is **MARGARET A CAVALIER AND CHRISTOPHER J CAVALIER**
Whose address is **4581 MANOR DR, MECHANICSBURG, PA 17055**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Twenty Eight Thousand Three Hundred Ninety Seven and 48/100ths** Dollars (U.S. **$28,397.48**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **January 1, 2047**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants

---

Pennsylvania Mortgage-Single Family        Page 1 of 9        14631PA 09/20

EXHIBIT A

and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **CUMBERLAND** County, Pennsylvania:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **4581 MANOR DR, MECHANICSBURG, PA 17055**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in

**Pennsylvania Mortgage-Single Family**   Page 2 of 9   14631PA 09/20

Case 1:18-bk-03303-HWV    Doc 66    Filed 10/18/21    Entered 10/18/21 10:56:36    Desc
Main Document    Page 5 of 14

exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to:Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family

---

**Pennsylvania Mortgage-Single Family**         Page 3 of 9         14631PA 09/20

Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**10. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**11. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**REQUEST FOR NOTICE OF DEFAULT
————————AND FORECLOSURE UNDER SUPERIOR————————
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this Pennsylvania Mortgage dated **June 15, 2021** between **MARGARET A CAVALIER AND CHRISTOPHER J CAVALIER**, Secretary of Housing and Urban Development.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____  Date: 6/29/21
Borrower - MARGARET A CAVALIER

_____  Date: 6/29/21
Borrower - CHRISTOPHER J CAVALIER

Certificate of Residence:

I certify that the address of the foregoing mortgagee is **451 Seventh Street, SW, Washington, DC 20410**.

**SHELLPOINT MORTGAGE SERVICING in its capacity as Servicer/Agent for Secretary of Housing and Urban Development**

By: _____

Title: _____Alan N. Groves Jr., Fulfillment Team Lead_____

## ACKNOWLEDGMENT

State of PENNSYLVANIA §
§
County of CUMBERLAND §

On this 29th day of JUNE, 2021, before me, the undersigned officer, personally appeared **MARGARET A CAVALIER AND CHRISTOPHER J CAVALIER**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he (or they) executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_____
Signature of Officer

TIFFANY A. KUHN
Printed Name

Commonwealth of Pennsylvania - Notary Seal
Tiffany A. Kuhn, Notary Public
Dauphin County
My Commission Expires July 17, 2022
Commission Number 1335675

NOTARY PUBLIC
Title of Officer

(Seal)

My Commission Expires: 07/17/2022

**Loan Originator Organization: NewRez LLC d/b/a Shellpoint Mortgage Servicing, NMLSR ID: 3114**
**Individual Loan Originator's Name NMLSR ID: N/A**

# EXHIBIT A

BORROWER(S): MARGARET A CAVALIER AND CHRISTOPHER J CAVALIER

LOAN NUMBER: ▮▮▮▮▮▮▮▮

LEGAL DESCRIPTION:

STATE OF PENNSYLVANIA, COUNTY OF CUMBERLAND, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT OR TRACT OF LAND SITUATE IN LOWER ALLEN TOWNSHIP, CUMBERLAND COUNTY, PENNSYLVANIA, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS, TO WIT: BEGINNING AT A POINT ON THE NORTHERN RIGHT-OF-WAY LINE OF MANOR DRIVE AT THE SOUTHWEST CORNER OF LOT #6; THENCE ALONG SAID RIGHT-OF-WAY LINE N82 -58-53W 80.00 FEET TO A POINT BEING THE SOUTHEAST CORNER OF LOT #4; THENCE ALONG LOT #4 N07-01-07E 140.00 FEET TO A POINT ON THE SOUTHERN LINE OF AN, EXISTING 33' PETROLEUM ALLEGHENY SINCLAIR RIGHT-OF-WAY AT LANDS N/F OF CARE PA QRS 12-43 INC., DEED BOOK 179, PAGE 1077; THENCE ALONG SAID RIGHT-OF-WAY AND SAID LANDS S82 -58-53E 80.00 FEET TO A POINT BEING THE NORTHWEST CORNER OF LOT #6, THENCE ALONG LOT #6 S07-01-07W 140.00 FEET TO A POINT, BEING THE PLACE OF BEGINNING. CONTAINING 11,200.00 SQUARE FEET (0.26 ACRES), MORE OR LESS. BEING LOT NO.5 ON A FINAL SUBDIVISION PLAN OF THE MANOR AT WESTPORT, PREPARED BY J. MICHAEL BRILL AND ASSOCIATES, INC., RECORDED IN PLAN BOOK 89, PAGE 143. BEING KNOWN AND NUMBERED AS 4581 MANOR DRIVE, MECHANICSBURG, PENNSYLVANIA. UNDER AND SUBJECT TO THE DECLARATION AND BY-LAWS FOR THE MANOR AT WESTPORT AS RECORDED IN MISC. BOOK 718, PAGE 2104. UNDER AND SUBJECT TO THE SAME RIGHTS, PRIVILEGES, AGREEMENTS, RIGHTS-OF-WAY, EASEMENTS, CONDITIONS, EXCEPTIONS, RESTRICTIONS, AND RESERVATIONS AS EXIST BY VIRTUE OF PRIOR RECORDED INSTRUMENTS, PLANS, DEEDS OF CONVEYANCES, OR VISIBLE ON GROUND. BEING THE SAME PREMISES WHICH TRIPLE CROWN CORPORATION, INC., A PENNSYLVANIA CORPORATION, BY DEED DATED FEBRUARY 21, 2012, AND RECORDED

FEBRUARY 29, 2012, IN THE OFFICE OF THE RECORDER OF DEEDS IN AND FOR THE COUNTY OF CUMBERLAND, PENNSYLVANIA, AS INSTRUMENT NO. 201205947, GRANTED AND CONVEYED UNTO KEVIN S. JOHNSTON AND SONYA L. JOHNSTON, HUSBAND AND WIFE.  BEING THE SAME PREMISES WHICH KEVIN S. JOHNSTON AND SONYA L. JOHNSTON, HUSBAND AND WIFE BY DEED DATED DECEMBER 15, 2016 AND ABOUT TO BE RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS IN AND FOR THE COUNTY OF CUMBERLAND, PENNSYLVANIA, GRANTED AND CONVEYED UNTO CHRISTOPHER J. CAVALIER AND MARGARET A. CAVALIER, HUSBAND AND WIFE, MORTGAGORS HEREIN.

UPI/PIN/Tax ID: █████████

ALSO KNOWN AS: 4581 MANOR DR, MECHANICSBURG, PA 17055

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)**

| | |
|---|---|
| IN RE: <br> **CHRISTOPHER J. CAVALIER AND MARAGARET A. CAVALIER** | CASE NO.: 1:18-bk-03303-HWV <br> **CHAPTER 13** <br> **JUDGE**: HENRY W. VAN ECK |
| _____Debtors._____/ | |

**ORDER GRANTING MOTION TO
APPROVE PARTIAL CLAIMS MORTGAGE
BETWEEN SECURED CREDITOR AND DEBTOR**

This case came before the Court on the Motion to Approve Partial Claims Mortgage between Secured Creditor and Debtors. Based on the consent of the parties, it is

**ORDERED**:

1. The Motion to Approve Partial Claims Mortgage between Secured Creditor and Debtors is **GRANTED**.

2. The Partial Claims Mortgage will include the principal balance of $28,397.48 as a Secondary Lien.

3. The Partial Claims Mortgage with Secured Creditor is APPROVED, and the parties are ordered to comply with the terms of the agreement.

4. The parties are authorized to take any and all necessary actions to effectuate the terms of the Agreement.

5. The Court reserves jurisdiction to enforce the terms of the Agreement and this Order.

###

APPROVED FOR ENTRY BY:

/s/ Joshua I. Goldman

Joshua I. Goldman, Esq.
Tennessee Bar # 035733
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
josh.goldman@padgettlawgroup.com
*Counsel for Simmons Bank*

**ENTITIES TO BE SERVED**
*Debtors*
*Debtors' Attorney*
*Trustee*